UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**UNION DE TRONQUISTAS DE PUERTO RICO, LOCAL 901,**

     Plaintiff,

       v.                              CIVIL NO. 16-1098 (PG)

**UNITED PARCEL SERVICE, INC.,**

     Defendant.

## OPINION AND ORDER

Pending now before the court is defendant United Parcel Service Inc.'s ("UPS" or "Defendant") motion for summary judgment (Docket No. 20) and Union de Tronquistas de Puerto Rico, Local 901's response and cross-motion (Docket No. 17). For the reasons set forth below, the court **GRANTS** the Defendant's motion for summary judgment and the case is **DISMISSED WITH PREJUDICE.**

### I. BACKGROUND

UPS and the Union de Tronquistas de Puerto Rico, Local 901 (hereinafter the "Union") are parties to a collective bargaining agreement (hereinafter referred to as the "CBA"), which contains a mandatory grievance procedure, through which all disputes related to the interpretation, application and/or administration of the agreement are to be resolved. On January 12, 2016, the Union filed a Petition for Review of an Arbitrator's Award in the courts of the Commonwealth of Puerto Rico. See Docket No. 6-1. In essence, the Union seeks to set aside and annul the arbitration award dismissing a grievance filed by the Union on behalf of grievant Walter Borges ("Borges") after his dismissal from UPS. The arbitrator held that Borges failed to comply with the grievance procedure set forth in the CBA, and thus, the complaint was not arbitrable. According to the Union, the award was in error and violated public policy. See id.

On January 20, 2016, defendant UPS filed a Notice of Removal claiming this court has jurisdiction over the matter in controversy pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. See Docket No. 1. Subsequently, UPS moved for summary judgment in its favor arguing that the Union failed to set forth any valid ground upon which the court may set aside and vacate the award in question. See Docket No. 10. The Union responded

and also moved for summary judgment, <u>see</u> Docket No. 17, which UPS timely opposed, <u>see</u> Docket No. 22.

## II. DISCUSSION

### A. Scope of Review

"It is a firm principle of federal labor law that where parties agree to submit a dispute to binding arbitration, absent unusual circumstances, they are bound by the outcome of said proceedings." <u>Asociacion de Empleados del Estado Libre Asociado de Puerto Rico v. Union Internacional de Trabajadores de la Industria de Automoviles, Aeroespacio e Implementos Agricolas, U.A.W. Local 1850</u>, 559 F.3d 44, 47 (1st Cir. 2009) (<u>Posadas de Puerto Rico Assocs., Inc. v. Asociacion de Empleados de Casino de Puerto Rico</u>, 821 F.2d 60, 61 (1st Cir.1987)). A federal court's review of an arbitrator's decision is "extremely narrow and exceedingly deferential." <u>Airline Pilots Ass'n, Int'l v. Pan Am. Airways Corp.</u>, 405 F.3d 25, 30 (1st Cir.2005) (<u>quoting</u> <u>Bull HN Info. Sys., Inc. v. Hutson</u>, 229 F.3d 321, 330 (1st Cir.2000)). "Indeed, it is 'among the narrowest known in the law.'" <u>Ramos-Santiago v. United Parcel Service</u>, 524 F.3d 120, 123 (1st Cir.2008) (<u>citing</u> <u>Maine Cent. R.R. Co. v. Bhd. of Maint. of Way Employees</u>, 873 F.2d 425, 428 (1st Cir.1989)). "[W]hen the arbitration concerns the interpretation of a collective bargaining agreement, a court should uphold the view of the arbitrator so long as 'it can find, within the four corners of the agreement, any plausible basis for that interpretation.'" <u>Wheelabrator Envirotech Operating Servs. Inc. v. Massachusetts Laborers Dist. Council Local 1144</u>, 88 F.3d 40, 44 (1st Cir. 1996) (<u>citing</u> <u>El Dorado Technical Servs. v. Union Gen. De Trabajadores de Puerto Rico</u>, 961 F.2d 317, 319 (1st Cir.1992)). "So far as the arbitrator's decision concerns construction of the [CBA], the courts have no business overruling him because their interpretation of the contract is different from his." <u>Dorado Beach Hotel Corp. v. Union de Trabajadores de la Industria Gastronomica de Puerto Rico</u>, 959 F.2d 2, 4 (1st Cir.1992) (citations and quotation marks omitted). "That a reviewing court is convinced that the arbitrators committed error-even serious error-does not justify setting aside the arbitral decision. … This remains true whether the arbitrators' apparent error concerns a matter of law or a matter of fact." <u>Cytyc Corp. v. DEKA Products Ltd. P'ship</u>, 439 F.3d 27, 32 (1st Cir. 2006) (citations omitted).

"Nevertheless, there are limits to that deference." <u>Eastern Seaboard Const. Co., Inc. v. Gray Const., Inc.</u>, 553 F.3d 1, 3 (1st Cir.2008) (<u>citing</u> <u>Kashner Davidson Sec. Corp. v. Mscisz</u>, 531 F.3d 68, 70 (1st Cir.2008)). In order

to overturn the award, the movant must show "that the award was (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." UMass Mem'l Med. Ctr., Inc. v. United Food And Commercial Workers Union, 527 F.3d 1, 4 (1st Cir. 2008) (citations and quotation marks omitted).

**B. Analysis**

On February 3, 2014, UPS terminated Borges' employment for an alleged violation of the CBA and the "Workplace Violence Policy." See Docket No. 10-4. Article 16 of the CBA establishes that "[w]hen an employee has a complaint about the administration or interpretation of the [CBA], **it shall be discussed with his supervisor,** and if they do not reach a satisfactory agreement, the employee will bring the case in writing to the delegate, … , **within ten (10) days of the occurrence.**" See Docket No. 6-1 at page 21 (emphasis ours). Said article also states that "[a]ny grievance not presented, taken to the next step or answered within the established timeframe will be resolved based on the company's last position … ." See id.

The record shows that the arbitrator in this case held a hearing on September 10, 2015 before rendering his award on December 14, 2015. See Docket No. 6-1. During said hearing, both Borges and his supervisor Daina Torres (hereinafter "Torres") testified. See Docket No. 6-1 at pages 28-72. Borges testified during the hearing that as he was escorted out of his employer's premises, he went by Torres and told her that he "did not agree with the decision of dismissal." Docket No. 6-1 at pages 43, 52-53. But it was Torres' testimony that Borges never discussed his termination with her. See id. at page 37. The arbitrator ultimately adopted UPS's position that the claim was not procedurally arbitrable because Borges did not properly "discuss" his complaint with Torres after his termination or present his case in writing to the delegate within ten (10) days from his discharge, as established and required by the CBA. See Docket No. 6-1 at page 24.

The Union now complains that the arbitrator's determination that Borges' claim was not arbitrable was in error because Borges indeed complied with the steps set forth in the CBA's established procedure, contrary to his determination. See Docket No. 6-1 at page 11. However, UPS argues that the arbitrator had a reasonable basis for his final award after holding a hearing where both parties presented evidence, including Borges and Torres' testimony,

and his credibility determinations are not proper grounds for review. See Docket No. 10. The court agrees with UPS.

In fact, this court has already addressed and adjudged this same issue in Union De Tronquistas De Puerto Rico, Local 901 v. United Parcel Service, Inc., Civil Case 15-1364(PAD), where another member of the Union was dismissed from his employment at UPS and sought to vacate an arbitration award that held that the former employee's grievance was not procedurally arbitrable. See Civil Case No. 15-1364(PAD) at Docket No. 27. Much like in the present case, the grievant had also testified before the arbitrator that he had told his immediate supervisor that he did not agree with the company's decision, but the supervisor contradicted this claim. See id. at page 2. Citing First Circuit Court of Appeals caselaw, the presiding judge in said case stated that "[i]t is well settled that is the arbitrator who determines 'the truth' respecting material matters in controversy as he believes it to be." Id. (citing Hoteles Condado Beach, La Concha & Convention Ctr. v. Union de Tronquistas Local 901, 763 F.2d 34, 39 (1st Cir. 1985); Union de Periodistas de Artes Gráficas y Ramas Anexas v. Telemundo de Puerto Rico, Inc., 926 F.Supp.2d 410, 418 (1st Cir. 2013)). Like here, the arbitrator simply believed the Union member's supervisor.

The undersigned agrees with this court's prior ruling on an identical legal question between the same parties. "The arbitrator heard the testimony and is in the best position to judge credibility." Int'l Bhd. of Firemen & Oilers, Local 261 v. Great N. Paper Co., 765 F.2d 295, 296 (1st Cir. 1985). "[T]hat the arbitrator made a credibility finding or reached a conclusion different from that which might have been made by a court, is not ground for interfering with the award." Id. (citations omitted). Accordingly, the court here will not disrupt the arbitrator's award on the grounds that he believed - mistakenly or not - that Borges did not discuss his complaint with Torres within the meaning and the time limit set by the CBA.

The Union also claims that UPS waived its defense that the claim was not procedurally arbitrable because it was not raised "at the precise moment," see Docket No. 6-1 at page 15. However, the court is at a loss to know when was the exact time frame in which the Union now claims UPS could have timely raised said defense. As UPS notes in its motion for summary judgment, the Union's argument is vague and fails to place the court in a position to properly adjudge the matter. See Docket No. 10-1 at page 13. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Glob. NAPs, Inc. v. Verizon New England, Inc., 706 F.3d 8, 16 (1st Cir.

2013) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). The court will not do counsel's work and instead bypass the issue.[1]

The Union also complains that the arbitrator's award violates public policy establishing that an employer must justify its dismissal of an employee with "crystal clear" evidence. See Docket No. 6-1 at page 16. In turn, UPS first notes that the Union barely elaborates the foundation for this argument. See Docket No. 10-1 at pages 13-14. Second, UPS also points out that the arbitrator never reached the merits of Borges' termination insofar as the claim was dismissed on procedural grounds, to wit, Borges' failure to comply with the CBA's established procedures. Id. As a result, the argument is inapposite.

The court agrees that the Union's attack against the arbitration award on these grounds is clearly off target. A court's power to vacate an arbitration award where the arbitration agreement as interpreted would violate public policy "is limited 'to situations where the contract as interpreted would violate 'some explicit public policy' that is 'well defined and dominant, and is to be ascertained 'by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" Prudential-Bache Sec., Inc. v. Tanner, 72 F.3d 234, 241 (1st Cir. 1995)(citing United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 43 (1987); W.R. Grace & Co. v. Local Union 759, United Rubber Workers, 461 U.S. 757, 766 (1983)). The Union simply failed to make this showing and its claim that the arbitration award should be vacated on public policy grounds is also rejected.

Finally, the Union argues in passing in its opposition that the "Award violated Plaintiff's due process rights as it did not contain any basis, or facts in support of its conclusions." Docket No. 18 at page 2. After review of the arbitration award in question, however, the court must differ. It is uncontested that the arbitrator held a hearing where he listened to testimony and allowed the parties to present other documentary evidence. Thereafter, the arbitrator entered an 8-page award discussing the foundations for his holding that the controversy was not procedurally arbitrable based on the proof set forth before him. The court, thus, cannot concur with the Union's contention.

---

[1] At any rate, "[i]ssues of procedural arbitrability are for the arbitrator to decide. 'Once it is determined [by a court] that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.'" Local 285, Serv. Employees Int'l Union, AFL-CIO v. Nonotuck Res. Associates, Inc., 64 F.3d 735, 739 (1st Cir. 1995) (citing John Wiley & Sons v. Livingston, 376 U.S. 543, 557 (1964)).

And even if there was a grain of truth to the Union's claim, "an arbitrator has no obligation to give his or her reasons for an award." Int'l Shipping Agency, Inc. v. Respondent Empleados De Muelles De Puerto Rico, AFL-CIO, LOCAL 1901, ILA, No. CIV. 11-1724 JAG, 2012 WL 2052145, at *4 (D.P.R. June 5, 2012) (citing Labor Relations Div. of Constr. Indus. v. Int'l Bhd. of Teamsters, 29 F.3d 742, 746 (1st Cir.1994)). "[I]t has long been settled that arbitrators are not required to make formal 'findings of fact' to accompany the awards they issue. Indeed, '[a]rbitrators have no obligation … to give their reasons for an award at all.'" Raytheon Co. v. Automated Bus. Sys., Inc., 882 F.2d 6, 8 (1st Cir. 1989)(citing United Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960)). "[W]e cannot set aside an arbitration award merely because the arbitrators chose not to provide the parties with the reasons for their decision." Raytheon Co., 882 F.2d at 8.

### III. CONCLUSION

For the reasons stated above, this court **GRANTS** defendant UPS's motion for summary judgment (Docket No. 10) and **DENIES** the Union's motion for summary judgment and opposition (Docket No. 17). Judgment **DISMISSING WITH PREJUDICE** the Union's claims will be thus entered.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 8, 2016.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE